IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| LEONA ANN FLETCHER | § | |
| | § | |
| v. | § | 1:13-CV-336 |
| | § | |
| JASPER POLICE DEPARTMENT, | § | |
| OFFICER DAVID LAVENDER, | § | |
| and OFFICER MIKE PETERS | § | |

**ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This court referred this *pro se* and *in forma pauperis* action to the Honorable Zack Hawthorn, United States Magistrate Judge, for pretrial management pursuant to General Order 05-07. On August 16, 2013, the magistrate judge issued an Order Governing Proceedings, which stated that a joint report was due on September 30, 2013, and a Rule 16 scheduling conference was set for October 7, 2013. (Doc. No. 13.) The Clerk also gave the parties notice of the date, time and location of the scheduling conference. Although the Plaintiff participated in the joint conference, she did not join in the joint report. (Doc. No. 17 at 1.) Subsequently, the Plaintiff failed to appear at the scheduling conference on October 7, 2013. In addition, the Plaintiff still has not timely responded to the Defendants' pending Motion for Summary Judgment (Doc. No. 16).

On October 8, 2013, the magistrate judge entered a Report (Doc. No. 18) recommending that this action be dismissed *sua sponte* for failure to prosecute and failure to comply with a court order. The Plaintiff timely filed "Objections" (Doc. No. 20) to the Report and Recommendation, asserting that her failure to attend the scheduling conference was due to her and her son's medical problems. In response, the magistrate judge ordered the Plaintiff to submit, within three days of receiving the order, signed written verification from a licensed medical practitioner that she was

either present at their facility seeking treatment for her son on October 7, 2013, at 10:00 a.m. (the same date and time as the scheduling conference), or that her health prevented her from appearing at any court hearings on that same date and time. The Plaintiff received this order on October 28, 2013 (Doc. No. 22), and as of November 6, 2013, she still has not submitted the required documentation.

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(l)(c) (Supp. IV 2011); FED. R. CIV. P. 72(b)(2)–(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." Nettles v. Wainwright, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by* Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).

The Plaintiff's "Objections" are not objections to the magistrate judge's Report and Recommendation *per se*. Instead, she admitted she failed to appear for the noticed scheduling conference. (Doc. No. 20.) The Plaintiff asserted that she did not come to the scheduling conference because she "had been everywhere seeking information or help for [her] mental 31 year old son, plus [she] [has] medical problems [her]self that's out of control like breathing problems, enlarge heart problems, acid reflux problems." (Id.) The magistrate judge allowed the Plaintiff an opportunity to prove her reasons for not attending the scheduling conference, but she failed to do so. This failure constitutes further proof that the case should be dismissed for failure to prosecute and comply with a court order.

After conducting a *de novo* review of the magistrate judge's Report and Recommendation (Doc. No. 18), the Plaintiff's "Objections" (Doc. No. 20), and the magistrate judge's Order for

Verification (Doc. No. 21), in light of the Plaintiff's failure to respond, the court concludes that the magistrate judge's findings and conclusions are correct.  Dismissal of this case is warranted on the grounds that the Plaintiff has failed to prosecute this case and comply with court orders.  See FED. R. CIV. P. 41(b); E.D. TEX. LOC. CIV. R. 41.

The Plaintiff's "Objections" (Doc. No. 20) are **OVERRULED**; the magistrate judge's Report and Recommendation (Doc. No. 18) is **ADOPTED**; and this lawsuit is **DISMISSED** without prejudice.   Final judgment will be entered separately.

So **ORDERED** and **SIGNED** this **22** day of **November, 2013.**

_____
Ron Clark, United States District Judge